HERBERT WEISS, APPELLANT, v. SHAPIRO CANDY MANU-
FACTURING COMPANY, A CORPORATION OF NEW
YORK, RESPONDENT.

Argued May 7, 1940—Decided May 18, 1940.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and
PERSKIE.

For the appellant, *Louis Santorf*.

For the respondent, *Collins & Corbin*.

The opinion of the court was delivered by

PARKER, J.   Defendant is described in the summons and
complaint as a corporation of New York.   The question before
the Passaic Pleas was whether defendant had been legally
served with the summons and complaint in this cause.   The
Pleas held to the contrary, and this holding is before us on
plaintiff's appeal.

For the defendant it is first objected that the order setting
aside the service is not a final judgment, and hence that appeal
does not lie.   But we consider that it had all the elements
of finality, inasmuch as the case shows that the person on
whom the service was made was a traveling salesman residing
in Brooklyn, with no place of business in this state, and con-

sequently not within the language of the first paragraph of *R. S.* 2:26-44. The mixed question of law and fact which was before the Pleas for decision was whether this salesman was a "servant of the corporation within this state and acting in the discharge of his duties." If not, that is the end of the case, as it is not intimated that there is any other representative in this state on whom process may be served. The order is therefore a finality, and appeal lies. *Bickel* v. *Pennsylvania Steel Co.,* 123 *Md.* 226; 91 *Atl. Rep.* 136. We have held to the same effect in cases of attachment. *Hanford* v. *Duchastel,* 87 *N. J. L.* 205; *Jaudel* v. *Schoelzke,* 95 *Id.* 171; *Burleigh* v. *Sartain,* 114 *Id.* 151, 153. See, also, *Sweeney* v. *Miner,* 88 *Id.* 361.

It remains, therefore, to decide whether the judge of the Common Pleas erred in setting aside the service; and we think that he did err. His decision followed as a precedent the case of *Jaeger* v. *Breslow Brothers,* 9 *N. J. Mis. R.* 1069. But an important and determinative feature of that case was that the salesman was authorized only to take orders, and the acceptance or rejection of those orders vested with the home office in New York; whereas in the case at bar the testimony of the salesman was that he had authority to accept orders and "finish the deal * * * in the store in New Jersey." The case is not within the ruling in *Hoffman* v. *Carter,* 117 *N. J. L.* 205; affirmed in 118 *Id.* 379, but rather within that in *Giovannini* v. *Hartford, &c., Co.,* 120 *Id.* 580.

The rule or order setting aside the service of process is reversed, and the cause remanded for further proceedings therein.